OPINION OF THE COURT
FUENTES, Circuit Judge:
Appellant Gertrude Barnes filed an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Pennsylvania. After a trial, the Bankruptcy Court entered judgment in favor of the Defendants. It subsequently denied Barnes’ Motion for Reconsideration. An appeal was made to the District Court, which issued an order affirming the Bankruptcy Court’s decision. Barnes now appeals the District Court’s judgment and we affirm substantially for the reasons set forth in the Bankruptcy Court and District Court’s opinions.[1]
I.
Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. This case stems from a sequence of events that began when Barnes contacted Margo Robinson regarding how to obtain a loan to finance renovations and repairs to her home. Barnes had heard Robinson speaking on the radio regarding *383 how she assists homeowners in obtaining such loans.
Robinson assisted Barnes in obtaining a loan from Laguna Capital Mortgage Corporation (“Laguna”) in the amount of $47,700 with an annual percentage rate of 11.971%. At the loan settlement, Barnes expressed surprise at the loan’s size, but Robinson- — whom she considered a friend at the time — encouraged her not to worry about this and to sign the papers. Barnes signed the three loan documents. One of these documents, the Settlement Statement, listed $31,797.54 in cash paid to the borrower. A check in this amount was made payable to Barnes, which she then endorsed over to Robinson, who deposited it into her own bank account. No evidence indicated Laguna knew or should have known that Barnes endorsed the check to Robinson.
Robinson testified at trial that Barnes asked for help in finding and hiring contractors to work at her home. Barnes testified to the contrary, claiming that Robinson forced contractors on her. Three contractors worked at Barnes’ home. The second contractor, according to Barnes, tore the house up. The third contractor’s work resulted in electrical problems and he ultimately never completed the repairs and renovations for which Robinson had paid him. Barnes ultimately moved out of her home because of the state of disrepair in which the contractors left it.
Barnes hired an attorney whom she claimed drafted a letter rescinding the loan, but no evidence was offered at trial establishing this letter was ever sent. In July 2002, the servicing agent for the loan and Defendant Bank of New York, to whom the loan had been assigned, filed a mortgage foreclosure action in state court.
Barnes filed her bankruptcy case on October 15, 2002.[2] She commenced an adversary proceeding in the Bankruptcy Court on November 22, 2002. Her complaint alleged claims under the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. (“TILA”), and related Pennsylvania laws. The complaint named eight Defendants, but Barnes dismissed her claims with prejudice against all Defendants except Robinson, Laguna, Fairbanks Corporation and Equi-credit Corporation. Barnes subsequently settled with Robinson and obtained an entry of default against Laguna. A second amended complaint named only Laguna and the successor to Fairbanks, Select Portfolio Servicing, Inc. (“SPS”). A Third amended complaint added the Bank of New York Trustee EQCC 2001 F-l Trust, the current holder of the mortgage, as a Defendant. It only included claims under TILA and not any claims under Pennsylvania law. Barnes subsequently agreed to dismiss SPS as a Defendant.
A trial was held in the Bankruptcy Court, at which Barnes, her son who lives with her, and Robinson each testified. The parties submitted briefs after the trial and the Bankruptcy Court entered judgment in favor of the Defendants. The Bankruptcy Court denied Barnes’ Motion for Reconsideration. The District Court affirmed the Bankruptcy Court’s judgment on appeal and Barnes now appeals the District Court’s decision.
II.
On appeal, Barnes first contends that the Bankruptcy Court erred by allowing the Defendants to argue that Barnes failed to prove that she rescinded the loan. Second, in the alternative, Barnes argues that the filing of her bankruptcy case within three years of her contract to refinance *384 her home mortgage, in conjunction with the subsequent filing, within sixty days, of a complaint demanding rescission, sufficed to constitute a timely rescission demand. Third, Barnes contends that the Bankruptcy Court erred when it held that the loan settlement proceeds given to Robinson were not an undisclosed finance charge, which would be in violation of the Truth in Lending Act (“TILA”). Fourth, Barnes argues that the Bankruptcy Court erred in finding that the loan she obtained did not fall within the scope of Pennsylvania’s Home Improvement Finance Act (“HIFA”).
Substantially for the reasons set forth in the Bankruptcy Court’s thorough and well-reasoned Memorandums of January 25, 2007 and February 16, 2007, we will affirm the District Court’s order, which affirmed the Bankruptcy Court’s judgment.
We briefly comment on one matter. With regards to the rescission issue, the Bankruptcy Court correctly concluded, and the District Court affirmed this judgment, that Barnes failed to prove that she timely exercised her right to rescind the loan, pursuant to 15 U.S.C. § 1635. Barnes also argued, but only before the District Court, that the filing of her bankruptcy action within three years of the date of her loan, in conjunction with the subsequent filing, within sixty days, of a complaint demanding rescission, sufficed to constitute a notice of rescission. See 11 U.S.C. § 108. This is the second issue Barnes raises before this Court on appeal. As the District Court correctly held, Barnes’ failure to raise this argument before the Bankruptcy Court renders it waived. The District Court, however, also concluded that even if had not been waived, Barnes’ argument was without merit. Relying on the legislative history of 11 U.S.C, § 108 and cases from outside this Circuit, the District Court concluded that § 108 applies “only to trustees or Chapter 11 debtors in possession” and does not apply to a Chapter 13 debtor, such as Barnes. (App.l.) We agree that this argument was waived and therefore the District Court did not need to determine whether § 108 applies to a Chapter 13 debtor seeking to extend the time for statutory notice of her rescission. We note, however, that in In re Connors, 497 F.3d 314, 321 (3d Cir.2007), we did apply § 108(b) to extend a statutory grace period in the context of a petition filed by a Chapter 13 debtor. Accordingly, although we affirm the District Court’s judgment in this matter, we do not endorse its conclusion regarding the application of § 108 to a Chapter 13 debtor.
We have considered the Plaintiffs’ other arguments on appeal and find them to be without merit. For the foregoing reasons, and with the caveat noted regarding the potential application of § 108 to a Chapter 13 debtor, we will affirm the District Court.

. The Bankruptcy Court had jurisdiction under 28 U.S.C. § 1334. The District Court had jurisdiction over the appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291.

. The bankruptcy petition was originally filed under Chapter 7 of the Bankruptcy Code. Upon Barnes' motion, the case was converted on January 21, 2003 to one under Chapter 13.